[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2012
JOHN LEY
CLERK

No. 11-10536
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20438-DMM-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLANCA LOURDES DELLASERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 9, 2012)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Blanca Lourdes Dellasera appeals her convictions for wire fraud, 18 U.S.C. § 1343, and conspiracy to commit wire fraud, id. § 1349, stemming from her role in a conspiracy to defraud mortgage institutions. Dellasera challenges the admission of the testimony of Janeth Becerra and the denial of Dellasera's request to instruct the jury that coconspirator Theresa Gonzalez was a "missing witness." We affirm.

The district court did not abuse its discretion when it admitted testimony from Becerra. Dellasera offered Becerra, a coworker at Baptist Hospital, an opportunity to make $10,000 by serving as a straw buyer in a real estate transaction. Becerra testified that she rejected that offer because she knew that a transaction in which she received "money just to purchase . . . property" to be "place[d] . . . in her name" was fraudulent. Becerra's testimony conveyed her rational "perception" of Dellasera's offer, Fed. R. Evid. 701, and aided the jury in determining whether Dellasera intentionally participated in a scheme to defraud, see United States v. Jennings, 599 F.3d 1241, 1251 (11th Cir. 2010).

The district court also did not abuse its discretion by refusing to instruct the jury that Gonzalez was a "missing witness." Gonzalez was not "peculiarly within the control of" the government. United States v. Nahoom, 791 F.2d 841, 846 (11th Cir. 1986). Although Gonzalez agreed to "honor whatever obligation she

2

[had] under her plea agreement," the government stated that Gonzalez intended to "invoke her Fifth Amendment rights" and was allowed to do so "[u]nder United States [v.] Kuku," in which this Court held that "a defendant retains the Fifth Amendment privilege against self-incrimination prior to sentencing, despite having entered a guilty plea, because of the possible impact that compelled testimony may have on [her] as yet undetermined sentence." 129 F.3d 1435, 1438 (11th Cir. 1997).

We **AFFIRM** Dellasera's convictions.